**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **NEEDA PARTS MANUFACTURING, INC., et al.** | **CIVIL ACTION NO. 07-15410** |
| Plaintiffs, | |
| VS. | **DISTRICT JUDGE JOHN CORBETT O'MEARA** |
| **PSNET, INC. and CHAD SAYERS,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| Defendants. | |

**ORDER DENYING PLAINTIFFS' MOTION TO
REINSTATE THE MOTION TO COMPEL DEPOSITION OF CHAD SAYERS AND
ORDERING DEPOSITION OF CHAD SAYERS TO PROCEED (DOCKET NO. 31)**

Before the Court is Plaintiffs' Motion To Reinstate The Motion To Compel The Deposition Of Chad Sayers filed on June 4, 2008. (Docket no. 31). Defendants PSNET, Inc. and Chad Sayers filed a Response To Plaintiffs' Motion To Reinstate Motion To Compel The Deposition Of Chad Sayers on June 13, 2008. (Docket no. 33). This matter was referred to the undersigned for determination. (Docket no. 32). The Court dispenses with oral argument pursuant to E. D. Mich. L.R. 7.1(e). This matter is therefore ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiffs filed their first Motion To Compel The Deposition Of Chad Sayers on May 1, 2008. (Docket no. 25). After a Response and Reply were filed, Plaintiff withdrew the Motion To Compel The Deposition Of Chad Sayers on June 2, 2008 based on the Parties' agreement to take Chad Sayers's deposition in Michigan. (Docket nos. 28, 29, 30). Defendants' counsel concedes that they had "tentatively agreed to a date for Chad Sayers's deposition in Michigan, specifically June 24, 2008." (Docket no. 33 at 1-2).

Plaintiffs allege that after they withdrew their Motion To Compel in reliance on Defendants' counsel's agreement to produce Sayers in Michigan, Defendants' counsel refused to confirm Sayers's availability for deposition. (Docket no. 31). Defendants' version of events varies little, in that Defendants' counsel states that their clients, Defendants, did not return emails and telephone inquiries by counsel and therefore they were unable to provide a firm commitment to Plaintiffs' counsel for Sayers's deposition prior to June 5, 2008. (Docket no. 33). Defendants allege that Plaintiffs prematurely filed this Motion while Defendants' counsel awaited their clients' confirmation. Plaintiffs' Motion To Reinstate was filed on June 4, 2008. Defendants state that on June 5, 2008 they confirmed with their counsel that Sayers "was available for, and was anticipating appearing for, the June 24th deposition date."[1] (Docket no. 33). Defendants' counsel filed a Motion For Withdrawal Of Attorney on June 13, 2008, in part alleging Defendants' limited and poor communication with their counsel. (Docket no. 33, 34). Plaintiffs ask the Court to reinstate their Motion To Compel The Deposition Of Chad Sayers, order Chad Sayers to appear in Michigan on the date noticed for his deposition, and sanction Defendants for Plaintiffs' costs in bringing this Motion. According to counsel for the Parties, the June 24, 2008 deposition did not go forward.

The parties do not dispute that Plaintiffs served a Notice of Deposition on Defendant Sayers on or around April 4, 2008. (Docket nos. 25, 28). They do not dispute the sufficiency of the prior Notice under Fed. R. Civ. P. 30. Plaintiffs' counsel confirmed Sayers's deposition for June 24, 2008 at Plaintiffs' counsels' office by email correspondence dated May 27, 2008. (TR 33-3).

---

[1] Defendants deny that Sayers is legally obligated to appear for deposition in Michigan. However, they state that Defendants agreed to Sayers's deposition in Michigan to resolve the issue of the deposition location and otherwise avoid the expenses Defendants would incur in defending the deposition in Utah. (Docket no. 33-2).

2

Pursuant to Fed. R. Civ. P. 37, the Court has broad discretion to make such orders as are just to redress discovery abuse. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished). Defendants' counsel shows that they have been cooperating to get Sayers's deposition taken. The Court finds that in light of Defendants' confirmation on June 5, 2008 of Sayers's availability for deposition on June 24, 2008, and from the sequence of events described above that there has not been an abuse of the discovery process which would justify granting Plaintiffs' request for sanctions. Defendants' counsel alleges that it provided confirmation for Sayers's June 24, 2008 deposition date. For these reasons, Plaintiffs' Motion To Reinstate The Motion To Compel The Deposition Of Chad Sayers will be denied. Nevertheless, the deposition should be taken, and the Court orders Sayers's deposition to go forward. Fed. R. Civ. P. 26(d)(2). The Court will order Defendant Chad Sayers to appear for deposition on July 11, 2008 at 9 a.m. at the offices of Plaintiffs' counsel.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Reinstate The Motion To Compel The Deposition Of Chad Sayers (docket no. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that the deposition of Defendant Chad Sayers will go forward and be completed on July 11, 2008. Defendant Chad Sayers is ordered to appear for deposition on July 11, 2008 at 9 a.m. at the office of Plaintiff's Counsel, Mantese and Rossman, P.C., 1361 E. Big Beaver Road, Troy, Michigan 48083, and will remain until the deposition is completed to the satisfaction of the parties.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 25, 2008        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 25, 2008        s/ Lisa C. Bartlett
                            Courtroom Deputy