UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEEDA PARTS
MANUFACTURING, INC., et al.      CIVIL ACTION NO. 07-CV-15410
      Plaintiffs,

  vs.      DISTRICT JUDGE JOHN CORBETT O'MEARA

        MAGISTRATE JUDGE MONA K. MAJZOUB

PSNET, INC., et al.
      Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE SUBPOENA AND ORDERING WILLIAM BRANNAN TO APPEAR FOR DEPOSITION AND HOLDING IN ABEYANCE PLAINTIFF'S MOTION FOR CONTEMPT (DOCKET NO. 57)

      This matter is before the Court on Plaintiffs' Motion To Enforce Subpoena Or For Contempt asking the Court to enforce a subpoena served on William Brannan to appear for deposition or hold Brannan in contempt of court for failing to appear and testify at a deposition scheduled for December 11, 2008. (Docket no. 57). There has been no response to the motion and the time for responding has now expired. The matter was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(B)(1)(A). (Docket no. 26). After considering the pleadings and a copy of the subpoena at issue, the Court entered an Order For William Brannan to Show Cause, which was served on William Brannan by first class mail at 10130 Elmcrest Road, Whitmore Lake, Michigan 48189. (Docket no. 61). William Brannan was ordered to appear before the Court on January 21, 2009 at 2:00 p.m. (Docket no. 61). Plaintiffs' counsel appeared at the January 21, 2009 hearing. The matter of enforcing the subpoena is ready for ruling; the Court will defer ruling on Plaintiff's request that William Brannan be held in contempt, as set forth below.

-1-

Plaintiffs' Motion To Enforce Subpoena Or For Contempt alleges that Plaintiffs took the deposition of non-party William Brannan on September 9, 2008. (Docket no. 57). Plaintiffs allege that Brannan was available for a short period of time at the September 9, 2008 deposition and all parties agreed to adjourn the deposition to a later date. (Docket no. 57). Plaintiffs further allege that after several failed attempts to reschedule Brannan's deposition, Plaintiffs had a subpoena personally served on William Brannan on December 1, 2008 commanding him to appear for deposition and with documents on December 11, 2008 at 1:00 p.m. at Defendants' counsel's office at 24 Frank Lloyd Wright Drive, Ann Arbor, Michigan 48105. (Docket no. 57, Ex. 4). The place of deposition is within the limits of Rule 45(c)(3)(A)(ii), Fed. R. Civ. P. Brannan allegedly failed to appear as directed by the subpoena. Brannan did not move to quash or otherwise modify the subpoena. Plaintiffs therefore ask the Court to enforce the subpoena or hold Brannan in contempt for failing to obey the subpoena. Fed. R. Civ. P. 45(e).

Rule 45(e), Fed. R. Civ. P., provides that the "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." William Brannan did not appear before the Court as ordered and has not shown cause why he should not be held in contempt of court for his failure to appear as directed by the subpoena. Plaintiffs allege that Mr. Brannan suffers from multiple sclerosis and that he claims that his health impairment limits his ability to appear for the continuation/conclusion of his deposition. The Court notes that the allegations of Mr. Brannan's health impairments have been made by Plaintiff's counsel and Mr. Brannan has made no attempt to contact the Court directly to resolve this issue or otherwise notify the Court of the status of his health impairment, if any, by a physician's report or otherwise.

At the hearing, Plaintiff's counsel presented the Court with email correspondence between Mr. Brannan and Plaintiff's principal, Mr. Jim Koleszar, in which Mr. Brannan alleges that due to his impairment, his voice "is not functioning" all of the time. In the email, Mr. Brannan stated that he wants to participate in the deposition but that he is "simply very limited but it does not mean that I can't do it, There (sic) are days that are much better than others and if I get a string of days doing better, that is really the best time to go for it." Email from Bill Brannan to Jim Koleszar (Jan. 20, 2009, 8:17 AM). Plaintiffs' counsel has accommodated Mr. Brannan's limitations and noticed the deposition at Defendants' counsel's office in Ann Arbor, in close proximity to Mr. Brannan's home. Plaintiffs' counsel stated that he is willing to conduct the deposition at Mr. Brannan's home, if necessary.

The Court finds that the December 1, 2008 subpoena is a valid subpoena and the Court has clear authority to hold Mr. Brannan in contempt for failing "without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). Pursuant to Fed. R. Civ. P. 37, the Court has broad discretion to make such orders as are just to redress discovery abuse. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished). At this time the Court will give Mr. Brannan the benefit of the doubt with respect to the health impairment issue raised by Plaintiffs' counsel. In light of the extreme accommodations that Plaintiffs' counsel stated he is willing to make to complete this deposition, the Court will order Mr. Brannan to appear for deposition within thirty (30) days from entry of this order and within the strict parameters set forth below. These parameters allow Mr. Brannan to select the date and place of the deposition to accommodate his alleged health impairment. This Court's ruling on the prior contempt citation for failure to obey the December

2008 subpoena is deferred pending Mr. Brannan's compliance with the instant order compelling Mr. Brannan to conclude his deposition within 30 days.

**IT IS THEREFORE ORDERED** that William Brannan will appear for deposition within thirty (30) days from the date of entry of this order on a date and at a time to be selected by Mr. Brannan and communicated to Plaintiff's counsel by phone at least forty-eight (48) hours prior to the deposition. The place of deposition will be either Defendant's counsel's office in Ann Arbor, as noticed on the December 1, 2008 subpoena, or Mr. Brannan's home. Mr. Brannan will, similarly, communicate the place of deposition to Plaintiff's counsel by phone at least forty-eight (48) hours prior to the deposition.

**IT IS FURTHER ORDERED** that Plaintiff's counsel, upon learning of the date, time and place of deposition from Mr. Brannan, will contact Defendants' counsel to notify them of Mr. Brannan's deposition.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's motion that Plaintiff be held in contempt will be held in abeyance and taken under advisement pending Mr. William Brannan's compliance with the instant order to submit to deposition within 30 days, and that William Brannan's failure to comply with the instant order will result in his being held in **Contempt of this Court,** absent a good faith showing to the contrary, upon motion made the parties to this litigation.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 23, 2009                     s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon William Brannan at 10130 Elmcrest Road, Whitmore Lake, Michigan 48189 and Counsel of Record on this date.

Dated: January 23, 2009                     s/ Lisa C. Bartlett
                                            Courtroom Deputy